**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**MARSHALL DIVISION**

| | | |
|---|---|---|
| **TRAXXAS, L.P.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civil Action No. 2:18-cv-385** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **VERTICAL PARTNERS WEST, LLC** | § | |
| **dba VENOM POWER,** | § | |
| | § | |
| *Defendant.* | § | |

---

**ORIGINAL COMPLAINT FOR FALSE ADVERTISING, UNFAIR COMPETITION, PATENT INFRINGEMENT, AND UNJUST ENRICHMENT**

---

COMES NOW Plaintiff Traxxas, L.P. and files this Complaint for False Advertising, Unfair Competition, Patent Infringement, and Unjust Enrichment against Defendant Vertical Partners West, LLC dba Venom Power, alleging as follows:

**I.  NATURE OF THE SUIT**

1.      This is a claim for false advertising and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, patent infringement arising under the United States patent laws, 35 U.S.C. § 101 *et seq.*, and related claims for unfair competition and unjust enrichment under Texas common law.

**II.  THE PARTIES**

2.      Plaintiff **Traxxas, L.P. ("Traxxas")** is a Texas limited partnership that maintains its principal place of business in McKinney, Texas.

3.      Defendant **Vertical Partners West, LLC dba Venom Power ("Venom Power")**
is an Idaho limited liability company having a principal place of business in Rathdrum, Idaho.

### III.  JURISDICTION AND VENUE

4.      Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), this Court
has subject matter jurisdiction over the federal false advertising and unfair competition claims
because those claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and over the patent
infringement claims because those claims arise under the United States patent laws, 35 U.S.C.
§ 101 *et seq.*

5.      Pursuant to 28 U.S.C. § 1367(a), this Court has subject matter jurisdiction over
the state unfair competition and unjust enrichment claims because those claims arise from the
same nucleus of operative facts as the federal false advertising, unfair competition, and patent
infringement claims.

6.      This Court has specific personal jurisdiction over Venom Power pursuant to due
process and the Texas Long Arm Statute because Venom Power, directly or through
intermediaries, has conducted and does conduct substantial business in this forum, such
substantial business including but not limited to: (i) at least a portion of the activities complained
of herein; (ii) purposefully and voluntarily placing one or more Venom Accused Products into
the stream of commerce with the expectation that they will be purchased by consumers in this
forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of
conduct, or deriving substantial revenue from goods and services provided to individuals in
Texas and in this District.

7.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) for the reasons set
forth above.   Furthermore, venue is proper because Venom Power, directly or through

intermediaries, sells and offers to sell Venom Accused Products to persons in this District, as discussed below.  Each of Venom Power's acts complained of herein occurring in this District gives rise to proper venue.

## IV.  BACKGROUND

### A.    Traxxas and Its Traxxas iD® System

8.    The business Traxxas operates was started in 1986 and has grown to become the number-one selling name in Ready-To-Run nitro and electric model vehicles in the United States.

9.    Traxxas takes the safety of its customers seriously and has invested millions of dollars into its products and technology in its quest to have not only the best, but also the safest products on the market.

10.    In 2014, Traxxas launched its Traxxas iD® power cell battery and charger system.

11.    In addition to performance benefits, the Traxxas iD® system includes important safety features such as:

a.    auto battery identification that automatically configures and optimizes the charge settings for Traxxas iD® batteries, eliminating complicated charger programming that, if done wrong, is a fire risk;

b.    safety keying that prevents plugging a Lithium Polymer battery into a NiMH only charger, which is a fire risk; and

c.    integrated balancing wires that eliminate the need for both external balance boards and fragile balance wires and connectors.

**B.     The Asserted Patent**

12.     A true and correct copy of United States Patent No. D743,339 (the "'339 Patent"), entitled "Female Electrical Connector," is attached hereto as Exhibit A.

13.     Traxxas is the current owner by assignment of all rights, title, and interest in and under the '339 Patent, which duly and legally issued on November 17, 2015, with Casey Christen Jens Christensen, Kent Poteet, and Otto Karl Allmendinger as the named inventors. Traxxas has standing to sue for infringement of the '339 Patent.

14.     At all times, each and every patentee of the '339 Patent, and each and every person making, offering for sale, or selling within the United States, or importing into the United States, any patented article for or under the '339 Patent, has complied with the marking requirements set forth in 35 U.S.C. § 287.

**C.     Venom Power and Its Products**

15.     Venom Power, directly or through intermediaries, makes, uses, sells, offers for sale, distributes, and advertises within the United States, or imports into the United States, certain rechargeable batteries, battery chargers, battery connectors, and components thereof (collectively the "Venom Accused Products"), including Venom Power part numbers 1525-7, 1526-7, 1527-7, 1532, 1532-7, 1540, 1544, 1546, 1546-7, 1547, 1548, 1548-7, 1552, 1553, 1554, 1555, 1557, 1558, 1577, 1580, 1581, 1582, 15008, 15009, 15022, 15023, 15024, 15026, 15027, 15031, 15056, 15057, 15058, 15059, 15080, 15084, 15085, 15086, 15091, 15093, 15094, 15107, 15108, 15112, 15113, 15128, 15129, 15149, 15173, and 15189, and any reasonably similar products that include the UNI Plug System.

16.     In connection with its products that include the UNI Plug System 2.0, Venom Power uses in interstate commerce the description or representation of fact that the UNI Plug System 2.0 is "Traxxas® ID® Compatible."

17.     For example, the commercial advertising or promotional web page located at https://www.venompower.com/collections/venom-drive-batteries (attached as Exhibit B) states that the UNI Plug System 2.0 is "Traxxas® ID® Compatible."

18.     Although the UNI Plug System 2.0 allows a user to connect a Venom Power battery to a Traxxas iD® charger, the UNI Plug System 2.0 does not contain auto battery identification, safety keying, or integrated balancing wires.

19.     Venom Power's description or representation of fact that the UNI Plug System 2.0 is "Traxxas® ID® Compatible" is, thus, false or misleading.

20.     Venom Power's description or representation of fact in commercial advertising or promotion that the UNI Plug System 2.0 is "Traxxas® ID® Compatible" misrepresents the nature, characteristics, or qualities of Venom Power's products that include the UNI Plug System 2.0.

21.     Venom Power's claim that the UNI Plug System 2.0 is "Traxxas® ID® Compatible" not only misleads the public; it endangers the public because the UNI Plug System 2.0 circumvents several of the safety precautions of the Traxxas iD® system.

22.     On August 24, 2018, Traxxas issued via email a Consumer Safety Alert (attached as Exhibit C) and a Dealer Safety Alert (attached as Exhibit D) warning consumers and dealers about the fire risks associated with using the Venom UNI Plug 2.0 system with Traxxas products.

23.     An ordinary observer comparing the two designs in the context of the prior art would think that the design of the Venom Accused Product component depicted below is substantially the same as the design claimed by the '339 Patent:





'339 Patent                          Venom Accused Products

24.     Venom Power's false or misleading claim that the UNI Plug System 2.0 is "Traxxas® ID® Compatible" and Venom Power's colorable imitation of the design claimed by the '339 Patent enable Venom Power to trade on and receive the benefit of goodwill built up at great labor and expense by Traxxas over many years, and to gain acceptance for its products not solely on their own merits, but on the reputation and goodwill of Traxxas and its products.

25.     Venom Power's false or misleading claim that the UNI Plug System 2.0 is "Traxxas® ID® Compatible" and Venom Power's colorable imitation of the design claimed by the '339 Patent unjustly enrich Venom Power at Traxxas' expense.  Venom Power has been and continues to be unjustly enriched, obtaining a benefit from Traxxas by taking undue advantage of Traxxas and its goodwill.

26.     Specifically, Venom Power has taken unfair advantage of Traxxas by trading on and profiting from the goodwill in the Traxxas iD® system and the design claimed by the '339 Patent, which both were developed and are owned by Traxxas, resulting in Venom Power wrongfully obtaining a monetary and reputational benefit for its own business and products.

27.     Unless these acts of Venom Power are restrained by this Court, these acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

28.     On August 17, 2018, Traxxas provided Venom Power with written notice of its Lanham Act and patent claims.

## V.  CLAIMS

### A.     Federal False Advertising and Unfair Competition

29.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

30.     Venom Power's acts complained of herein constitute false advertising and unfair competition in violation of 15 U.S.C. § 1125(a).

### B.     Texas Unfair Competition

31.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

32.     Venom Power's acts complained of herein constitute unfair competition in violation of Texas state common law.

### C.     Infringement of the '339 Patent

33.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

34.     The Venom Accused Products are covered by the claim of the '339 Patent.

35.     Venom Power has directly infringed and continues to infringe the claim of the '339 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without

Traxxas' authority, making, using, selling, or offering to sell Venom Accused Products in the United States, or importing Venom Accused Products into the United States.

**D.     Texas Unjust Enrichment**

36.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

37.     Venom Power's acts complained of herein constitute unjust enrichment of Venom Power at Traxxas' expense in violation of Texas state common law.

## VI.  DAMAGES

38.     Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

39.     Venom Power's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than Venom Power's profits under 15 U.S.C. § 1117(a) and 35 U.S.C. § 289.

40.     Venom Power's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with intent to trade on Traxxas' goodwill in its products or to harm the reputation of Traxxas.  In view of the egregious nature of Venom Power's acts, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and 35 U.S.C. § 285.

## VII.  PRAYER FOR RELIEF

Traxxas respectfully requests the following relief:

a.     A judgment in favor of Traxxas that Venom Power has falsely advertised and unfairly competed with Traxxas under the Lanham Act, as described herein;

b.     A judgment in favor of Traxxas that Venom Power has unfairly competed with Traxxas under Texas state common law, as described herein;

c.      A judgment in favor of Traxxas that Venom Power has directly infringed the '339 Patent, as described herein;

d.      A judgment in favor of Traxxas that Venom Power has been unjustly enriched at Traxxas' expense under Texas state common law, as described herein;

e.      A permanent injunction:

    (1)      enjoining Venom Power, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from representing, suggesting, or implying that any Venom Power product is compatible or suitable for use with the Traxxas iD® system;

    (2)      requiring Venom Power, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, to destroy all signage, advertisements, commercials, Internet postings and advertisements, and any other material representing, suggesting, or implying that any Venom Power product is compatible or suitable for use with the Traxxas iD® system;

    (3)      enjoining Venom Power, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from making, using, selling, or offering to sell within the United States, or importing into the United States, any article applying the design claimed by the '339 Patent or any colorable imitation thereof;

(4)     requiring Venom Power, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, to destroy all products applying the design claimed by the '339 Patent or any colorable imitation thereof, as well as all signage, advertisements, commercials, Internet postings and advertisements, and any other material applying the design claimed by the '339 Patent or any colorable imitation thereof; and

(5)     requiring Venom Power to file with this Court and to serve upon Traxxas, within thirty days after the entry and service on Venom Power of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Venom Power has complied with the injunction;

f.      A judgment and order directing an accounting to determine Venom Power's profits resulting from the activities complained of herein, including Venom Power's profits for any continuing post-verdict or post-judgment activities, and that such profits be paid over to Traxxas, increased as the Court finds to be just under the circumstances of this case;

g.      A judgment and order requiring Venom Power to pay Traxxas its damages sustained as a result of Venom Power's activities described herein, including supplemental damages for any continuing post-verdict or post-judgment activities with an accounting as needed, and that such damages be trebled;

h.      A judgment and order requiring Venom Power to pay Traxxas its costs, expenses, and pre-judgment and post-judgment interest;

i.      A judgment and order requiring Venom Power to pay Traxxas its reasonable attorneys' fees; and

j.      Such other and further relief as the Court deems just and proper.

## VIII.  JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Traxxas requests a jury trial of all issues triable of right by a jury.


Dated:  August 31, 2018                          Respectfully submitted,

By:  /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
Debra Coleman
Texas State Bar No. 24059595
dcoleman@bdavisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Traxxas, L.P.*